UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN S. BARTH | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:18-CV-00201-JAW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT UNITED STATES OF AMERICA'S MOTION TO STRIKE PLAINTIFF'S COMPLAINT IN TOTO UNDER RULE 12(F) OR, IN THE ALTERNATIVE, TO DISMISS UNDER RULES 8(A)(2) AND (D)(1)**

Defendant, the United States of America, hereby moves to strike the Complaint in the above-captioned case *in toto* pursuant to Rule 12(f) of the Federal Rules of Civil Procedure or, in the alternative, to dismiss the Complaint for failure to comply with Rules 8(a)(2) and (d)(1) of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

On May 18, 2018, Plaintiff filed the instant Complaint alleging, *inter alia*, that Defendant[1] and numerous other individuals and entities had violated his constitutional rights. Plaintiff demands that this Court order the individuals who have aggrieved him—including, apparently, a federal judge, a United States Supreme Court Case Analyst, a state judge, and several of Plaintiff's neighbors and their attorney—to be imprisoned and tortured for four years. Throughout the entirety of the Complaint—as well as 182 pages worth of "memoranda of law" and "fact appendices" he filed in support of the Complaint—Plaintiff issues gratuitous

---

[1] "Defendant" refers to the sole party served in this action, the United States. As discussed *infra*, Plaintiff has named other individuals and entities as "potential defendants"—also referred to as "individual defendants" in the case of persons—who, according to Plaintiff, are "to be joined at the option of the United States for balancing of the equities." Compl. at 4.

1

derogatory attacks against his opponents, insulting them, impugning their integrity, and accusing them of participating in a vast criminal conspiracy against him. Additionally, Plaintiff's pleading and supporting materials are laden with immaterial, impertinent, and confusing information and arguments.

In this respect, history has repeated itself. Plaintiff previously filed a complaint in an unrelated action in this Court that contained similarly shocking, inappropriate, and confusing allegations. Plaintiff's initial complaint in that case was struck pursuant to Rule 12(f).[2] *See* Report and Recommended Decision, *Barth v. Town of Sanford, Maine*, Civil No. 04-55-P-S (D. Me. Apr. 22, 2004), ECF No. 16. Although Defendant recognizes that the striking of an entire complaint from the record is reserved for extraordinary circumstances, this case presents such circumstances. Defendant therefore respectfully requests that the Court strike Plaintiff's Complaint and supporting materials *in toto*. Plaintiff's suit is nothing short of an attack on the integrity and functions of the judicial branch, both state and federal, and consideration of the substance of the Complaint in its current form is beneath the dignity of this Court.

In the alternative, Defendant requests that the Complaint be dismissed pursuant to Federal Rule of Civil Procedure 8. Offensiveness aside, Plaintiff's Complaint and supporting materials are so overloaded with immaterial, impertinent, and confusing information and arguments that the Complaint is effectively unintelligible and therefore violative of Rule 8(a)(2)'s requirement that a complaint contain "a short and plain statement of the claim showing

---

[2] As discussed *infra*, after Plaintiff's original complaint was struck, he was allowed the opportunity to file an amended complaint, which the defendant again moved to strike or dismiss. Magistrate Judge Kravchuk issued a Recommended Decision in which she recommended that Judge Singal "strike large portions" of the complaint or dismiss it entirely. Report and Recommended Decision, *Barth v. Town of Sanford, Maine*, Civil No. 04-55-P-S (D. Me. June 22, 2004), ECF No. 35 at 1. Judge Singal affirmed the Recommended Decision and dismissed the action with prejudice. Order Affirming R. & R., *Barth v. Town of Sanford, Maine*, Civil No. 04-55-P-S (D. Me. July 13, 2004), ECF No. 38 at 1-2.

that the pleader is entitled to relief" and Rule 8(d)(1)'s requirement that each allegation be "simple, concise and direct."

## BACKGROUND

Plaintiff's Complaint stems from a long-running (and fully litigated) dispute with his neighbor, Starlet McNeely, apparently originating over the placement of a fence. *See* Fact App. 3; Compl. at 17. According to Plaintiff, after he turned to the courts to resolve the dispute, his neighbor engaged in a retaliatory campaign against him, attempting to drive him from his home by vandalizing his property, playing loud music, allowing her dogs to bark throughout the night, and causing others to threaten and assault him. Fact App. 3 ¶¶ 20-47. Plaintiff alleges that Sarasota County, Florida, perhaps in cahoots with his neighbor, then violated Plaintiff's civil rights by refusing to enforce ordinances that would have stopped the harassment. Compl. at 17. Plaintiff alleges that the judge in his state court civil action against McNeely and others, Judge Kimberly Bonner, "acted with extreme prejudice [against Plaintiff] based on her shared identity with defendant McNeely in being both of the same sex, regional and political faction, belligerence, and love of multiple large dogs." *Id.* He also alleges that Judge Bonner treated him unfairly because he uncovered a "racketeering enterprise" between Judge Bonner, Sarasota County, the State of Florida, and Judge Bonner's "political faction," and that "the racketeers promoted and assigned [Judge Bonner] herself to attack the Plaintiff by continuing her obstruction" of his legal action. *Id.* at 18.

Not finding success in state court, Plaintiff then turned to the federal judiciary, suing McNeely and other of his neighbors and Sarasota County in the United States District Court for the Middle District of Florida for denying and conspiring to deny Plaintiff's due process and equal protection rights. *See* Compl. at 23-24 ¶¶ 24-25; *Barth v. McNeely*, No. 8:14-cv-00118-

3

EAK-EAJ, 2014 WL 3101348, at *1-2 (M.D. Fla. July 7, 2014). Plaintiff was equally unsuccessful before the district court, a fact which he attributes to "willful and knowing abuse of office by defendant [J]udge Kovachevich." Compl. at 23 ¶ 25. Specifically, Plaintiff believes that Judge "Kovachevich was protecting, and was influenced by and an operative of, the same political racketeering enterprise as [Judge] Bonner." *Id.* at 24 ¶ 27. Plaintiff appealed to the United States Court of Appeals for the Eleventh Circuit, which affirmed the district court's dismissal of his complaint. *Barth v. McNeely*, 603 F. App'x 846 (11th Cir. 2015). Plaintiff maintains that the Eleventh Circuit—which Plaintiff refers to as "the notorious citadel of deep south anti-civil-rights law"—abused its office in denying his appeal, "willfully burying constitutional rights for all but themselves and their political affiliates." Compl. at 25 ¶ 31.

Plaintiff appealed next to the United States Supreme Court, which denied certiorari. *Barth v. McNeely*, 136 S. Ct. 217 (2015). Plaintiff blames the denial of certiorari on a Supreme Court Case Analyst named Jacob Travers, who he claims "repeatedly lied that documents were not in the required type size" and who "deprecated the legal basis of the petitions to prevent consideration, a procedure regrettably allowed by the [C]ourt, which allows politically biased junior clerks to decide about 99 percent of the most serious cases in the United States." Compl. at 25 ¶ 32. Plaintiff appears also to allege that Judge Kovachevich, the panel of Eleventh Circuit judges who decided his appeal, and Jacob Travers actively conspired together to sink Plaintiff's federal case. *See id.* at 25-26 ¶¶ 33-34.

Plaintiff first attempted to file the present Complaint (or some similar version of it) in the United States Court of Federal Claims, which found that it lacked jurisdiction over all of Plaintiff's claims under Rule 12(h)(3) of the Rules of the United States Court of Federal Claims. *Barth v. United States*, No. 17-635 C, 2017 WL 2572378, at *1 (Fed. Cl. June 14,

4

2017).  He appealed to the United States Court of Appeals for the Federal Circuit, which affirmed the dismissal on December 11, 2017.  *Barth v. United States*, 705 F. App'x 1003 (Fed. Cir. 2017).  He commenced the instant case approximately five months later.

In his Complaint, which runs 33 pages long and includes an additional 50 pages of "fact appendices" and 132 pages of "memoranda of law," Plaintiff seeks, *inter alia*, $1.8 million in compensatory damages, at least $1 million in punitive damages "from each government entity" he names, and "imprisonment of each of [the individual defendants] for four years under continuous monitoring and noisemaking sufficient to ensure that they do not sleep more than four hours in any twenty-four hour period."  Compl. at 31 ¶¶ 58-61.  Although Plaintiff alleges violations of numerous civil and criminal laws across 215 pages, the core of his Complaint appears to be that the United States—the only named defendant—and numerous "potential defendants" violated (or allowed for the violation of) his due process and equal protection rights.  *See id.* at 28 ¶ 46.

## ARGUMENT

### I. Legal Standard

#### a. *Federal Rule of Civil Procedure 8*

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s 'short and plain statement' requirement."  *Kuehl v. F.D.I.C.*, 8 F.3d 905, 908 (1st Cir. 1993); *see also Black v. UNUMProvident Corp.*, 245 F. Supp. 2d 194, 197 (D. Me. 2003).  Federal Rule of Civil Procedure 8(d)(1) requires that each allegation in a pleading "be simple, concise and direct."

Fed. R. Civ. P. 8(d)(1). As with Rule 8(a)(2), a district court has the power to dismiss a complaint that violates Rule 8(d)(1). *See McHenry v. Renne,* 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint . . . yet without simplicity, conciseness and clarity as to whom plaintiffs are suing and for what wrongs, fails to perform the essential functions of a complaint."); *see also Adderly v. Stofko*, 646 F. App'x 138, 141 (3d Cir. 2016); *Kole v. Village of Norridge*, 941 F. Supp. 2d 933, 942 (N.D. Ill. 2013). The exercise of a court's power to dismiss a pleading that does not comply with the notice pleading requirements of Rule 8 "is generally reserved for a pleading that is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Black*, 245 F. Supp. 2d at 197 (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

### b. *Federal Rule of Civil Procedure 12(f)*

Federal Rule of Civil Procedure 12(f) provides that a court

> may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, whereas impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Ashey v. Lily Transp. Corp.*, No. CIV. 01-57BS, 2001 WL 705804, at *1 (D. Me. June 18, 2001) (internal quotation marks omitted). Courts have defined "scandalous" in the Rule 12(f) context to mean material that "improperly casts a derogatory light on someone," *Gauthier v. United States*, Civil Action No. 4:10-40116-FDS, 2011 WL 3902770, at *12 (D. Mass. Sept. 2, 2011), that uses "repulsive language," or that "detract[s] from the dignity of the court," *Carone v. Whalen*, 121

F.R.D. 231, 234 (M.D. Pa. 1988). In considering whether material is sufficiently "scandalous" to justify granting a motion to strike,

> courts also consider the character of the matter in question. If it is highly objectionable, particularly when it is scurrilous or impugns the integrity of the court, the courts have been willing, in appropriate circumstances, to strike it from the record of the case as well as eliminate it from the pleading.

5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. Apr. 2018 update).

A Rule 12(f) motion made by a party "is directed at the discretion of the court." *McGlauflin v. RCC Atl. Inc.*, 269 F.R.D. 56, 57 (D. Me. 2010). As with motions to dismiss pursuant to Rule 8, motions to strike under Rule 12(f) are reserved for exceptional circumstances. *See id.* While "Rule 12(f) is not an independent basis for dismissing a pleading . . . the presence of material appearing to flout Rule 12(f)" can support a conclusion that a pleading violates Rule 8, *Carney v. Town of Weare*, Civil No. 15-cv-291-LM, 2016 WL 320128, at *5 (D.N.H. Jan. 26, 2016), because "Rule 12(f) is designed to reinforce the requirement in [Rule 8] that pleadings be simple, concise, and direct," *Minahan v. Town of East Longmeadow*, Civil Action No. 12-30203-MAP, 2014 WL 1652646, at *2 (D. Mass. Apr. 22, 2014).

    **II.**    **Plaintiff's Complaint and Supporting Documents Contain "Scandalous" Matter and Should Be Struck Pursuant to Rule 12(f)**

The Complaint and supporting documents are rife with insulting and inappropriate statements and allegations. Although Defendant recognizes that the striking of an entire pleading is extraordinary relief, the extreme nature and pervasiveness of the offensive material in Plaintiff's pleadings warrants such action in this case.

The most shocking of Plaintiff's statements is found in the Complaint's "Demand for Relief," where Plaintiff "demands the imprisonment of each of the ['individual defendants'] for four years under continuous monitoring and noisemaking sufficient to ensure that they do not

7

sleep more than four hours in any twenty-four hour period."[3] Compl. at 31 ¶ 61. By "individual defendants," Plaintiff apparently means to include the individuals listed as "potential defendants" who are "to be joined at the option of the United States for balancing of the equities." *See id.* at 4-5 ¶¶ 3-9. Included in this list is a federal judge, *id.* at 4 ¶ 3; a state judge, *id.* at 4 ¶ 5; the attorney for Plaintiff's neighbors in the original state court action, *id.* at 4 ¶ 6; and Plaintiff's neighbors, *id.* at 4-5 ¶¶ 7-8. A complaint which seeks relief in the form of the imprisonment and torture of judges and private citizens has no place before this Court. Inclusion of such wildly inappropriate material warrants the striking of the entire pleading—not merely parts of it— pursuant to Rule 12(f). *See Skolnick v. Hallett*, 350 F.2d 861, 862 (7th Cir. 1965) (district court was "fully warranted" in striking entire complaint from record under Rule 12(f) where "the complaint was replete with scurrilous, offensive and objectionable allegations principally leveled" at the state court judge defendant before whom plaintiff had appeared); *In re Moody*, 105 B.R. 368, 370-71 (S.D. Tex. 1989) (finding that pleadings in which author "frequently veers off [] course . . . to indulge in scurrilous, quasi-paranoidal personal attacks on various federal and state judges, parties and attorneys in this action and third parties" constituted "graphic violations" of Rule 12(f) sufficient to warrant striking of pleadings in their entireties); *Carone v. Whalen*, 121 F.R.D. 231, 234 (M.D. Pa. 1988) (striking *in toto* under Rule 12(f) complaint that impugned integrity of district court and district court judge and described attorney as a "sniveling, whining individual" who committed perjury).

Plaintiff also dedicates significant portions of his Complaint to impugning the dignity of the United States Court of Appeals for the Eleventh Circuit and Judge Kovachevich of the United States District Court for the Middle District of Florida. Plaintiff accuses these courts of

---

[3] In his "Summary of Fact," Plaintiff contends that the individual defendants have "consented" to this imprisonment and torture by "minimizing" his prior complaints. Compl. at 17.

dismissing his claims with "Jim Crow excuses," which constitute "a disgraceful attempt to revive the deep south law of racism." Compl. at 2; *see also id.* at 18 (referring to "anti-Constitutional deep south judges Kovachevich and 11th Circuit judges"); *id.* at 25 ¶ 31 (referring to the Eleventh Circuit as "the notorious citadel of deep south anti-civil-rights law"); *id.* at 26 ¶ 34 (referring to Judge Kovachevich and the panel of the Eleventh Circuit that denied his appeal as "four Jim Crow judges"). Plaintiff's repeated references to the allegedly racist nature of the federal judiciary is particularly bizarre given that the Complaint does not appear to allege that Plaintiff himself (or anyone else involved in this matter) experienced any racist treatment at any time by any party. It is well settled in this Circuit that such "superfluous descriptions," "replete with tragic historical connotations" and utterly irrelevant to the substance of Plaintiff's Complaint, "have no place in pleadings before the [C]ourt." *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 617-18 (1st Cir. 1988) (district court did not err in striking from plaintiff's complaint "scandalous matter which impugned the character of defendants," including the terms "concentration camp," "brainwash," and "torture" and "such similes as 'Chinese communists in Korea'"); *see also Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 (C.D. Cal. 1996) (striking phrase "slave sweatshop" from complaint where phrase "appears only for inflammatory effect, and because it is immaterial, scandalous, and highly prejudicial").

Plaintiff also lobs baseless conspiratorial allegations of corruption at these (and presumably other) federal judges, stating that the dismissal of his action, as well as apparently unrelated past actions in federal court in which Plaintiff was unsuccessful, "show clearly that the federal judiciary has failed to expel from certain venues a racketeering enterprise, operated to deny civil rights for the benefit of partisans. The factions, purposes, and beneficiaries of this enterprise are not material." Compl. at 29 ¶ 50; *see also id.* at 2 (stating that that Judge

9

Kovachevich is "likely to be herself involved in the racketeering of her political faction"). Plaintiff appears to include United States Supreme Court Case Analyst Jacob Travers in this grand federal conspiracy against him. *See id.* at 26 ¶ 34, 28 ¶ 45. These sorts of unsupported, inflammatory allegations of criminal conduct are inappropriate. *See Fodor v. E. Shipbuilding Grp.*, No. 5:12-cv-28-RS-CJK, 2014 WL 50783, at *5 (N.D. Fla. Jan. 7, 2014) (striking from civil complaint references to forgery and criminal conduct where such references "are derogatory, vexatious and only obscure the issues before the court," and where plaintiff provided no basis for the criminal allegations); *Hildebrandt v. Veneman*, 233 F.R.D. 183, 184 (D.D.C. 2005) (finding that plaintiff's counsel's statement in notice that "the opposing counsel are trying to kill him" was "outrageous, without support, and scandalous on every level" and violated Rule 12(f), and warranted striking entire notice from record).

Plaintiff's derogatory attacks are not reserved only for federal officials. He makes similarly unsupported, conspiratorial allegations of racketeering and corruption against Judge Bonner and her family, along with unnamed state "political party rogues." Compl. at 2, 4 ¶ 5. At one point in the Complaint, Plaintiff goes so far as to accuse Judge Bonner of rebellion or insurrection against the United States in violation of 18 U.S.C. § 2383. *Id.* at 8. Along with accusing Judge Bonner of criminal activity, Plaintiff attacks the judge with childish insults, referring to her as a "belligerent southern wom[a]n." *Id.* at 20 ¶ 6.

Plaintiff also gratuitously insults the private individuals named in the Complaint. He refers to his neighbors' attorney in the state action, Robert Lincoln, as "a lawyer specializing in dishonest pleadings." *Id.* at 4 ¶ 6. Plaintiff also refers to one of his neighbors as a "registered sex offender"—an allegation immaterial to any of his claims and included only to besmirch that individual's reputation. *See id.* at 4-5 ¶ 7.

The above examples are just a sampling of the scandalous insults and abuses that Plaintiff directs at the "individual defendants" Plaintiff names in his Complaint. Furthermore, the above examples capture only the invectives in the Complaint itself; the 182 pages of "memoranda of law" and "fact appendices" overflow with similarly inappropriate personal attacks. *See, e.g.*, Fact Apps. at 4 ("Defendant Kovachevich simply lied, another Jim Crow attempt to lynch the civil rights law itself."); *id.* at 14 ("The 11th Circuit judges (Tjoflat, Beverly, and Anderson) have colluded with the other defendants in a highly politicized abuse of office . . . ."); *id.* ("The Plaintiff regrets having to note an unusual coincidence and determinative prejudice of the defendant state judge Bonner, in that she and the original defendants are belligerent southern women with multiple dogs, a firm belief that they have the right to lie and to treat the law as applicable only to others, and a resolution that their tribe shall beat single northern men regardless of the law."); Mem. of Law 1 at 53 ("[The 11th Circuit's] decision expresses nothing more than an immature loyalty to the Confederacy . . . .").

Because Plaintiff's pleadings are so laden with "scurrilous, offensive and objectionable allegations" and statements, the Complaint and supporting materials "should not be permitted to remain of record." *Skolnick*, 350 F.2d at 861. Although striking a pleading *in toto* is a "drastic remedy" that should be "sparingly used by courts," *N. Penn Transfer, Inc. v. Victauloc Co. of Am.*, 859 F. Supp. 154, 158 (E.D. Pa. 1994), other courts have found such relief appropriate where the pleadings constituted "graphic violations" of Rule 12(f), *In re Moody*, 105 B.R. at 370-71; *see also Hildebrandt*, 233 F.R.D. at 184; *Carone*, 121 F.R.D. at 234. Defendant therefore requests that the Complaint, the "memoranda of law," and the "fact appendices" be struck in their entireties pursuant to Rule 12(f)'s prohibition against the inclusion of "scandalous" material in pleadings.

### III. Plaintiff's Complaint and Supporting Documents Contain Immaterial, Impertinent, and Confusing Information and Arguments in Violation of Rule 12(f)

The Complaint and supporting documents, which are replete with confusing asides, irrelevant discussions of statutes and cases, immaterial facts, and conspiracy theories, also violate Rule 12(f)'s prohibition against the inclusion of "immaterial" or "impertinent" information in pleadings. A few of the many examples:

- Plaintiff includes five pages of "Authorities" in his Complaint, consisting of over 60 cases, "Conservation Authorities," "Reference Works," and various state and federal statutory and constitutional provisions, as well as local Sarasota County ordinances. *See* Compl. at 12-16.

- The Complaint and supporting documents contain references to numerous exhibits, none of which appear to be included in Plaintiff's pleadings. *See, e.g.*, *id.* at 21 ¶ 15; Mem. of Law 2 at 21-22.

- In his Memorandum of Law 2, Plaintiff spends five pages arguing that the Florida state court judges in his nuisance action should have disbarred his neighbors' attorney. Mem. of Law 2 at 26-30.

- In his fact appendices, Plaintiff includes discussions of the endangered species status of the Florida Black Bear and Florida Panther. Fact App. 4 at 41 ¶¶ 65-67. These paragraphs are part of a six-page subsection titled "The Problem of Misuse of Conservation Funds in Florida," *id.* at 40-45 ¶¶ 58-78, which is part of a ten-page conspiracy theory in which Plaintiff alleges that Judge Bonner and her family "operated a racketeering enterprise" through which they illegally received $51 million in state funds, *id.* at 40-49.

- Plaintiff's Statement of Claims includes five counts. However, only one of these counts, Count I, is directed at the only named defendant in this case—the United States. *See* Compl. at 6-10. The remaining four counts are directed at Judge Kovachevich and Jacob Travers (Count II), *id.* at 7; the state of Florida and Judge Bonner (Count III), *id.* at 8; Sarasota County and Scott Ortner (Count IV), *id.* at 9; and Plaintiff's neighbors and his neighbors' lawyer (Count V), *id.* at 10. Counts II-V contain numerous allegations of violations of both civil and criminal laws.

As a result of the inclusion of this material, Plaintiff's Complaint and supporting materials are excessively long and essentially incomprehensible.[4] Defendants and the Court are now faced with a Complaint that is impossible for Defendants to answer and for the Court to evaluate. These failings, combined with the scandalous nature of his allegations and arguments discussed *supra*, warrant the striking of the Complaint and the supporting materials in their entireties. *See Atraqchi v. Williams*, 220 F.R.D. 1, 2 (D.D.C. 2004) (striking entire complaint under Rule 12(f) due to complaint's "immaterial, scandalous and frankly delusional language"); *id.* at 3 ("I cannot allow to stand, as if it had some juridical value, a complaint that contains the wildly immaterial, delusional, and quite possibly pathological allegations that these plaintiffs have made.").

### IV. Plaintiff Has Filed Similarly Inappropriate Materials in This Court in the Past

Defendant recognizes that Plaintiff is proceeding *pro se* and that a court reviewing a *pro se* pleading applies a "somewhat 'less stringent' standard."[5] *Wall v. Dion*, 257 F. Supp. 2d 316,

---

[4] Although it is largely incomprehensible, the entirety of Plaintiff's Complaint appears to be one lengthy, improper collateral attack on numerous state and federal court judgments. *See, e.g.*, *In re Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007) ("Under well-settled precedent, [plaintiff] may challenge [district court judges'] prior rulings only via appeal, not by suing the judges.").

[5] While some courts have applied the rule of liberal construction of *pro se* pleadings in the Rule 12(f) context, *see Dolan v. Fairbanks Capital Corp.*, No. 03-CV-3285 (DRH) (AKT), 2008 WL 4515932, at *2 (E.D.N.Y. Sept. 30, 2008), courts have made clear that a party's *pro se* status is not an excuse for that party to file inappropriate and insulting material, *see Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978) ("The court simply will not allow liberal pleading rules and *pro se* practice to be a vehicle for abusive documents. Our *pro se* practice is a shield

318 (D. Me. 2003). However, this is not Plaintiff's first brush with Rule 12(f). In fact, Plaintiff filed pleadings in an unrelated case in this Court that suffered from many of the same infirmities that are present in Plaintiff's submissions in this action. In that case, the Court struck Plaintiff's initial complaint and supporting materials pursuant to Rule 12(f). Plaintiff therefore was on notice that filing such materials in this Court is inappropriate and would not be tolerated. The Court should dispose of Plaintiff's similarly deficient Complaint in this case in the same way that it dealt with his initial complaint in his earlier action: by striking it from the record in its entirety.

In 2004, Plaintiff filed a complaint in this Court alleging that the Town of Sanford, Maine and its inhabitants had violated his civil rights by causing a nuisance on nearby property, harassing him, and vandalizing his property. *See* Report and Recommended Decision, *Barth v. Town of Sanford, Maine*, Civil No. 04-55-P-S (D. Me. Apr. 22, 2004), ECF No. 16.[6] Plaintiff's original complaint in that action was 43 pages long, and included a 62-page memorandum of law and over 70 exhibits. *Id.* at 1-2. The Town of Sanford moved to strike the complaint under Rule 12(f) or dismiss it under Rule 8, as it contained "superfluous historical allegations, inappropriate social commentary concerning the population of the Town, 'evidential references' to various irrelevant matters, baseless fantasies, scandalous and derogatory comments, and inappropriate legal argument." *Id.* at 3 (internal quotation marks omitted). Magistrate Judge Kravchuk

---

against the technical requirements of a past age; it is not a sword with which to insult a trial judge."); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (same).

[6] To the extent the Court deems it necessary, Defendant moves the Court to take judicial notice of the materials filed on the docket in *Barth v. Town of Sanford, Maine*, Civil No. 04-55-P-S (D. Me. 2004), that are discussed herein. *See Newman v. Krintzman*, 723 F.3d 308, 309 (1st Cir. 2013) (considering "matters of public record" in resolving motion to dismiss, and noting that matters of public record "typically include documents from prior . . . adjudications" (internal quotation marks omitted)); *Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand."); *Long Timers Grp., Inc. v. Maine Dep't of Corr.*, Civil No. 8-305-P-H, 2010 WL 1375608, at *3 (D. Me. Mar. 29, 2010) ("This court is fully able to take judicial notice of its own docket in . . . other cases filed in this court.").

granted the Town's Rule 12(f) motion, finding that "the complaint is so prolix and peppered with inappropriate references that the Town ought not be put to the burden of answering." *Id.* at 7. The Court then laid out a roadmap for Plaintiff to follow for drafting an amended complaint, even going so far as to list portions of the complaint that should be omitted in the amended version, including several instances of "scandalous matter," and also informed Plaintiff that there was "no cause for him to submit a memorandum of law at the pleading stage" of the litigation. *Id.* at 4-6.

Plaintiff filed an amended complaint, to which the Town responded with another motion under Rules 8 and 12(f). Judge Kravchuk issued a Recommended Decision in which she recommended "that [the] court either strike large portions of [the] complaint or grant the motion to dismiss," finding that the amended complaint was "confusing and sloppily drafted and [did] little to alleviate the problems that [she] tried very hard to address in [her] initial recommended decision." Report and Recommended Decision, *Barth v. Town of Sanford, Maine*, Civil No. 04-55-P-S (D. Me. June 22, 2004), ECF No. 35 at 1. Plaintiff filed an objection to the Recommended Decision in which he accused Judge Kravchuk of "criminal collusion with the present and prior defendants," and threatened legal action against the Court if it followed Judge Kravchuk's recommendation. Objection to Report and Recommended Decision, *Barth v. Town of Sanford, Maine*, Civil No. 04-55-P-S (D. Me. June 24, 2004), ECF No. 36 at 2, 8. Judge Singal affirmed the Recommended Decision and dismissed the action with prejudice. Order Affirming R. & R., *Barth v. Town of Sanford, Maine*, Civil No. 04-55-P-S (D. Me. July 13, 2004), ECF No. 38 at 1-2.

Remarkably, 14 years later, Plaintiff has filed pleadings with precisely the same sorts of gross deficiencies as those he filed in 2004. His filings in the present case show that Plaintiff's

public contempt for the defendants in the actions he initiates and the arbiters of his disputes has not abated in the intervening years. This Court refused to entertain Plaintiff's inappropriate pleadings in the past, and it should strike from the record his similarly inappropriate pleadings in this action. *See Koehl v. Bernstein*, 740 F.3d 860, 862-63 (2d Cir. 2014) (district court did not abuse its discretion in imposing sanction of dismissal with prejudice where, *inter alia*, the *pro se* plaintiff "previously had a *pro se* action dismissed with prejudice as a sanction for abusive conduct similar to his conduct in the present case").

V.      **Plaintiff's Complaint Violates Rule 8**

Plaintiff's egregious violations of Rule 12(f) have resulted in a Complaint that is eligible not only for striking from the record, but for dismissal under Rule 8. Putting the offensiveness of Plaintiff's pleadings aside, and as discussed in section III, *supra*, Plaintiff's inclusion of immaterial, impertinent, and confusing information and arguments has rendered his overly long Complaint effectively unintelligible, and it thereby violates Rule 8(a)(2)'s requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as Rule 8(d)(1)'s requirement that each allegation be "simple, concise and direct." Fed. R. Civ. P. 8(a)(2), (d)(1).

Chief among Plaintiff's problems is that it is not clear who he is suing, or for what. Plaintiff names the United States, but while he states that the other "potential defendants" are "to be joined at the option of the United States for balancing of the equities," Compl. at 4, Counts II through V of the Complaint concern the acts of only those potential defendants and nowhere mention the acts of the United States, *see id.* at 7-10. These counts are also accompanied by citations to various federal criminal statutes, as well as numerous cross references to other materials, some of which references appear to be inaccurate, *see*, *e.g.*, *id.* at 8 (referencing in the "Demand for Relief" paragraph numbers that do not appear in the section of the Complaint titled

"Demand for Relief," or anywhere else in the Complaint), or missing entirely from Plaintiff's submissions, *see id.* (referencing exhibits "X1-X6, Z"). Plaintiff provides more specifics on his claims against the United States later in the Complaint under the heading "Denial of Constitutional Rights by the United States," *id.* at 27-29, but these allegations seem to suggest that the United States is responsible only for the acts of Judge Kovachevich and Jacob Travers, who are the subjects of Count II, and not for the acts of the other "potential defendants" named in Counts III-V. But this is all far from clear.

Plaintiff's requests to the Court are also confusing. Plaintiff repeatedly maintains that he is not asking the Court "to review the *basis* of other court decisions. This [C]ourt may review the *effect* of federal decisions in violating constitutional rights, it need not review the *grounds* for those decisions, whether executive or judicial." *Id.* at 3; *see also id.* at 6-8, 18. But the thrust of Plaintiff's Complaint and supporting materials appears to be that the state and federal judges who denied him relief did not have sufficient grounds to do so. In order to determine whether the decisions about which Plaintiff complains had the effect of violating Plaintiff's constitutional rights, a court would by necessity have to examine whether those decisions were erroneous. Again, the point of Plaintiff's argument here is not clear.

When "a complaint's length and lack of clarity make it unintelligible, dismissal under [Rule 8] is permitted." *Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir. 2003); *see also Black*, 245 F. Supp. 2d at 197. Although Defendant believes that the more appropriate course is to strike the Complaint and supporting materials from the record in their entireties pursuant to Rule 12(f) due to the scandalous materials contained therein, the immaterial, impertinent, and confusing information and arguments Plaintiff presents in the Complaint renders it unintelligible and therefore subject to dismissal under Rule 8, as well. *See Carney*, 2016 WL 320128, at *5.

# CONCLUSION

For the reasons set forth herein, the United States of America respectfully requests that this Court strike Plaintiff's Complaint *in toto* pursuant to Rule 12(f) of the Federal Rules of Civil Procedure or, in the alternative, dismiss the Complaint for failure to comply with Rules 8(a)(2) and (d)(1) of the Federal Rules of Civil Procedure.

Dated:  July 23, 2018								Respectfully submitted,

HALSEY B. FRANK
UNITED STATES ATTORNEY


/s/ James D. Concannon
James D. Concannon
Assistant United States Attorney
100 Middle Street
East Tower, 6th Floor
Portland, ME  04101
(207) 780-3257
James.Concannon@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 23, 2018, I mailed the foregoing to the following via regular U.S. mail:

JOHN S. BARTH
P.O. Box 88
Springvale, ME 04083

                              HALSEY B. FRANK
                              UNITED STATES ATTORNEY

                              /s/ James D. Concannon
                              James D. Concannon
                              Assistant United States Attorney
                              100 Middle Street
                              East Tower, 6th Floor
                              Portland, ME  04101
                              (207) 780-3257
                              James.Concannon@usdoj.gov