UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOHN BARTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:18-cv-00201-JAW |
| | ) | |
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR ORDER TO ANSWER AND MOTION FOR DEFAULT JUDGMENT**

The Court dismisses a plaintiff's motion for order to answer and motion for default judgment because by filing a motion to strike and/or dismiss under Federal Rule of Civil Procedure 12, the time within which the United States must answer is extended to fourteen days after the Court issues an order on the motion to dismiss and because the United States has signaled a clear intention to defend itself against this civil action.

I.   **BACKGROUND**

On May 18, 2018, John S. Barth filed a thirty-two page complaint pursuant to 42 U.S.C. § 1983 against the United States of America, alleging that the United States violated his civil rights. *Compl.* (ECF No. 1). On June 5, 2018, Assistant United States Attorney James Concannon entered his appearance on behalf of the United States. *Notice of Appearance* (ECF No. 4). On July 23, 2018, the United States filed a motion to strike complaint or to dismiss. *Def. United States of Am.'s Mot. to*

*Strike Pl.'s Compl. in Toto under Rule 12(f) or, in the Alternative, to Dismiss under Rule 8(A)(2) and (D)(1)* (ECF No. 5) (*Def.'s Mot.*). On July 27, 2018, Mr. Barth filed a response to the United States' motion and moved to obtain an order requiring the United States to answer the complaint. *Opp'n to Def. Mot. with Mot. to Order Answer* (ECF No. 6). On August 10, 2018, the United States filed a reply to Mr. Barth's response. *Def. United States of Am.'s Reply in Support of Mot. to Strike Pl.'s Compl. in Toto under Rule 12(f) or, in the Alternative, to Dismiss under Rules 8(A)(2) and (D)(1)* (ECF No. 8).

On August 22, 2018, Mr. Barth filed a motion for judgment in default against the United States. *Mot. for J. in Default* (ECF No. 9). On September 7, 2018, the United States filed a response to the motion for default judgment. *Def. United States of Am.'s Resp. to Pl.'s Mot. for Default J.* (ECF No. 13). On September 9, 2018, Mr. Barth filed a reply to the United States' response.

**II.  DISCUSSION**

In this Order, the Court addresses only Mr. Barth's motion for order to answer and his motion for default judgment. The Court will separately address the merits of the United States' motion to strike or dismiss.

Mr. Barth's motions are not proper under the Federal Rules of Civil Procedure. Under Rule 12(a)(2), the United States is generally required to serve an answer to a complaint within sixty days after service on the United States attorney. FED. R. CIV. P. 12(a)(2). However, on July 23, 2018, the United States filed a motion to strike and to dismiss under Rule 12. *Def.'s Mot.* Rule 12(a)(4) expressly provides:

2

> Unless the court sets a different time or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action.

Fed. R. Civ. P. 12(a)(4). This Rule clarifies that, once the United States filed a Rule 12 motion, the period within which the United States was required to file an answer was tolled until fourteen days after the Court rules on its motion. For this reason, neither Mr. Barth's motion for order to answer nor his motion for default judgment is meritorious.

Mr. Barth's motion for default judgment is not warranted for a separate reason. An entry of default under Federal Rule of Civil Procedure 55(a) is only proper if the party against whom it is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Under modern procedure, "defaults are not favored by the law and any doubts usually will be resolved in favor of the defaulting party." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2681, at 10 (3d ed. 1998). As the Court of Appeals for the First Circuit has written, "[d]efault is strong medicine and should be prescribed only in egregious cases." *Hooper-Haas v. Ziegler Holdings, LLC*, 690 F.3d 34, 37–38 (1st Cir. 2012) (citations omitted). Indeed, the rule in the First Circuit is that "a defaulting party 'has appeared' for Rule 55 purposes if it has 'indicated to the moving party a clear purpose to defend the suit.'" *Key Bank of Maine v. Tablecloth Textile Co.*, 74 F.3d 349, 353 (1st Cir. 1996) (quoting *Muniz v. Vidal*, 739 F.2d 699, 700 (1st Cir. 1984)). In this case, by its attorney's entry of appearance and by filing its motion, the United States has "indicated to [Mr. Barth] a clear purpose to defend the suit."

3

Mr. Barth is not allowed under the rules to force the United States to answer his complaint before the Court rules on its motion to dismiss and he is not entitled to a default judgment on a case the United States has indicated a clear purpose to defend.

## III. CONCLUSION

The Court DISMISSES Plaintiff John S. Barth's Motion for Order to Answer (ECF No. 7) and his Motion for Default Judgment (ECF No. 9).

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 24th day of September, 2018