UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JOHN BARTH,                          )
                                     )
         Plaintiff,                  )
                                     )
    v.                               )          2:18-cv-00201-JAW
                                     )
UNITED STATES of AMERICA,            )
                                     )
         Defendant.                  )

**ORDER ON MOTION TO STRIKE *IN TOTO***

The Court grants a defendant's motion to strike a plaintiff's complaint in its

entirety pursuant to Federal Rules of Civil Procedure 12(f) and 8(a) because the

complaint does not contain a "short and plain statement of the claim showing that

the pleader is entitled to relief" and is replete with "scandalous matter."

**I.    BACKGROUND**

On May 18, 2018, John S. Barth filed a thirty-two page complaint pursuant to

42 U.S.C. § 1983 against the United States of America, alleging that the United

States violated his civil rights together with fifty pages entitled "Fact Appendices".

*Compl.* (ECF No. 1); *Id.* Attach. 1 *Fact Appendices* (*Fact Appendix*).  On June 5, 2018,

Assistant United States Attorney James Concannon entered his appearance on

behalf of the United States.  *Notice of Appearance* (ECF No. 4).  On July 23, 2018, the

United States filed a motion to strike complaint or to dismiss.  *Def. United States of*

*Am.'s Mot. to Strike Pl.'s Compl. in Toto under Rule 12(f) or, in the Alternative, to*

*Dismiss under Rule 8(A)(2) and (D)(1)* (ECF No. 5) (*Def.'s Mot.*).  On July 27, 2018,

Mr. Barth filed a response to the United States' motion and moved to obtain an order requiring the United States to answer the Complaint. *Opp'n to Def. Mot. with Mot. to Order Answer* (ECF No. 6). On August 10, 2018, the United States filed a reply to Mr. Barth's response. *Def. United States of Am.'s Reply in Support of Mot. to Strike Pl.'s Compl. in Toto under Rule 12(f) or, in the Alternative, to Dismiss under Rules 8(A)(2) and (D)(1)* (ECF No. 8) (*Def.'s Mot*).

On August 22, 2018, Mr. Barth filed a motion for judgment in default against the United States and for an order requiring the United States answer the Complaint. *Mot. for J. in Default* (ECF No. 9). On September 7, 2018, the United States filed a response to the motion for default judgment. *Def. United States of Am.'s Resp. to Pl.'s Mot. for Default J.* (ECF No. 13). On September 9, 2018, Mr. Barth filed a reply to the United States' response. *Pl.'s Resp. to Motion for Default J.* (ECF No. 14) (*Pl.'s Resp.*). On September 24, 2018, the Court issued an order dismissing Mr. Barth's motion for default judgment and dismissing his motion for order to answer. *Order on Mot. for J. in Default* (ECF No. 15).

On October 24, 2018, Mr. Barth filed another motion to order answer, reiterating his previous motion for order to answer. *Mot. for Order to Answer* (ECF No. 16). On October 31, 2018, the Defendant filed its opposition. *Def. United States of Am.'s Resp. to Pl.'s Mot. to Order Answer* (ECF No. 17). On October 31, 2018, Mr. Barth filed his reply. *Reply to Def. Opp'n to Mot. to Order Answer* (ECF No. 18).

II.        DISCUSSION

Federal Rule of Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and Rule 8(d)(1) requires that each allegation be "simple, concise, and direct." Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading any redundant, immaterial, impertinent, or scandalous matter."

Mr. Barth's Complaint is thirty-two pages long, and also includes fifty pages of "fact appendices" and 139 pages of "Memoranda of Law." *Compl.* at 1-32. The Defendant contends that Mr. Barth's "inclusion of immaterial, impertinent, and confusing information and arguments has rendered his overly long Complaint effectively unintelligible." *Def.'s Mot.* at 16. Furthermore, as highlighted by the United States, "it is not clear who he is suing, or for what." *Id.* The Court agrees.

The Defendant's motion traces in detail the long history of Mr. Barth's dispute with his neighbor that Mr. Barth has extensively and unsuccessfully litigated in Florida state court, in United States District Court in Florida, in the Court of Appeals for the Eleventh Circuit, and in the United States Court of Federal Claims. *Id.* at 3-5. Mr. Barth's Complaint contains innumerable offensive and derogatory statements as well as "unsupported, inflammatory allegations of criminal conduct." *Def.'s Mot.* at 10. These attacks are leveled against the Defendant, judges, judicial employees, and private individuals. For example, he accuses state of Florida Judge Kimberly Bonner "her relatives Lisa and Barbara Carlton, and Mabry Carlton Ranch" of having "stolen $51 million in state funds in a racketeering enterprise with the defendant county, state, and political faction," and he claims that the "racketeers promoted and assigned

3

[Judge Bonner] herself to attack the Plaintiff by continuing her obstruction of justice." *Compl.* at 17-18.  He accuses "[t]he defendant county and state and Carlton defendants" of "operat[ing] a racketeering enterprise within the judiciary and agencies of Florida." *Id.* at 18.  Not satisfied with attacking the state judiciary, Mr. Barth assails the federal judiciary as well.  He states that "[t]he United States has become a party to this action only as a result of the abuses of office by anti-Constitutional deep south judges Kovachevich and 11th Circuit judges, and corrupt Supreme court employee Travers." *Id.*

Finally, he also seeks relief in the form of the imprisonment and harassment of the judges who previously ruled against him:

> The individual defendants having constructively waived objection thereto, Plaintiff demands the imprisonment of each of them for four years under continuous monitoring and noisemaking sufficient to ensure that they do not sleep more than four hours in any twenty-four hour period.

*Id.* at 31.

The Court of Appeals for the First Circuit affirmed the striking of a complaint where the allegations are "argumentative, prolix, redundant, and verbose." *McCoy v. Providence Journal Co.*, 190 F.2d 760, 766 (1st Cir. 1951).  In the words of the *McCoy* Court, "[i]t is hard to imagine a pleading more completely at variance with both the letter and the spirit of Rule 8(e)(1) which requires that each averment of a pleading be simple, concise, and direct." *Id.*  Similarly, the District Court struck a complaint in its entirety for failing to comply with Rule 8(a) and 8(e)(1) when it was "the

complete antithesis of the type of complaint contemplated by Rule 8(a)(2)." *Martin v. Hunt*, 28 F.R.D. 35, 36 (D. Mass. 1961).

The United States has also argued that the complaint should be struck in its entirety under Rule 12(f). As the Government recognizes, "[m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (citing 4 CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (1st ed. 1969) (WRIGHT & MILLER). However, motions to strike under Rule 12(f) have been granted when "the presence of the surplusage will prejudice the adverse party." *F.T.C. v. Hope Now Modifications, LLC,* No. CIV. 09-1204 JBS/JS, 2011 WL 883202, at *1 (D.N.J. Mar. 10, 2011) (citing *Symbol Techs., Inc. v. Aruba Networks, Inc.,* 609 F. Supp.2d 353, 359 (D. Del.2009)).

In addition, "the disfavored character of Rule 12(f) is relaxed somewhat in the context of scandalous allegations and matter of this type often will be stricken from the pleadings in order to purge the court's files and protect the person who is the subject of the allegations", especially when the subject of the allegations is the integrity of the judiciary. 5 WRIGHT & MILLER § 1382 (3d ed. 1998); *see also Skolnick v. Hallett*, 350 F.2d 861, 862 (7th Cir. 1965) (court struck complaint in which Plaintiff alleges that defendants conducted a 'kangaroo court' with him as a victim); *In re Moody*, 105 B.R. 268, 370-71 (S.D. Tex. 1989) (court struck complaint in which Plaintiff "frequently veers off course . . . to indulge in scurrilous, quasi-paranoidal

personal attacks on various federal and state judges, parties and attorney in this action and third parties" as a "graphic violation" of Rule 12(f)).

As motions to strike under Rule 12(f) are "an extreme and disfavored measure", *see EEOC v. Joe Ryan Enters., Inc.,* 281 F.R.D. 660, 662 (M.D. Ala. 2012), the Court takes pause before granting the Defendant's motion on such grounds. However, the Court also hesitates to leave the Complaint on the record given the prejudice it causes the Defendant and other individuals who are the subject of its attacks. Furthermore, the Court cannot grant the relief that Mr. Barth's Complaint seeks, and the Complaint does not comply with the requirements of the Federal Rule of Civil Procedure for the contents of a pleading.

## III. CONCLUSION

The Court GRANTS the Defendant United States of America's Motion to Strike Plaintiff's Complaint in Toto under Rule 12(f) or, in the Alternative, to Dismiss under Rule 8(A)(2) and (D)(1) (ECF No. 5). The Court STRIKES Plaintiff's Complaint and attachments.

The Court DISMISSES as moot the Plaintiff's Motion to Order Answer. (ECF No. 16).


SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 5th day of November, 2018